UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEVIN R. WALSH,

                              Plaintiff,

v.                                                **ORDER**

CALIBER HOME LOANS, INC.,                19-CV-08966 (PMH)

                              Defendant.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Kevin R. Walsh ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of Westchester, on August 16, 2019. (Doc. 1-1, Compl.). Plaintiff asserts claims against his former employer, Caliber Home Loans, Inc. ("Defendant"), for breach of contract, breach of implied contract, and unjust enrichment. (*Id.* ¶¶ 23–45). The gravamen of Plaintiff's Complaint is that Defendant failed to pay Plaintiff a bonus and an appropriate severance payment after Plaintiff's employment was terminated. On September 26, 2019, Defendant removed this action to federal court on diversity grounds. (Doc. 1). Presently pending before the Court is Defendant's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 15).

      For the reasons set forth below, the Court DENIES Defendant's motion.

      Rule 7.1(a)(3) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") provides that "[e]xcept for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers . . . [s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."

Here, Defendant's motion does not include a supporting affidavit and the exhibits submitted to the Court for consideration are attached only as exhibits to Defendant's memorandum of law in support of its motion to dismiss. (Docs. 16-1–16-7). Failure to comply with the Local Rules is a sufficient ground to warrant denial of a motion. *See, e.g., U.S. Bank Tr., N.A. v. Monroe*, No. 15-CV-1480, 2017 WL 923326, at *6 (N.D.N.Y. Mar. 8, 2017) ("The Court may deny a motion because of the moving party's failure to comply with the Local Rules." (collecting cases)); *Stone v. Courtyard Mgmt. Co.*, No. 99-CV-4780, 2001 WL 395159, at *1 (S.D.N.Y. Apr. 17, 2001) ("Plaintiff's failure to comply with . . . the Local Rules of the Court provide sufficient basis to deny the motion"); *Webster Soda Fountain Mfrs. Corp. v. W & P Assocs.*, No. 87-CV-2953, 1988 WL 75271, at *1 (S.D.N.Y. July 12, 1988) ("[F]ailure to comply with the [local] rules is sufficient grounds to deny defendant's motions"). Additionally, based on Defendant's presentation, the Court is unable to consider any of the exhibits submitted by Defendant in support of its motion to dismiss. *See Outerbridge v. Tobon*, No. 11-CV-3843, 2012 WL 2553497, at *3 (S.D.N.Y. July 3, 2012), *adopted by*, 2012 WL 2952931 (S.D.N.Y. July 19, 2012) (holding that because "no affidavit was filed in support of the motion . . . factual assertions in the defendants' memorandum of law that are not supported by evidence will not be considered by the Court.").

Accordingly, the Court DENIES Defendant's motion to dismiss and CANCELS the oral argument scheduled for February 16, 2021. Defendant is directed to answer Plaintiff's Complaint by January 27, 2021. A Notice of Initial Pretrial Conference is forthcoming. The Clerk is respectfully requested to terminate the pending motion (Doc. 15).

Dated: New York, New York
      January 13, 2021

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge