UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEVIN R. WALSH,

                         Plaintiff,

v.                                                   **ORDER**

CALIBER HOME LOANS, INC.,               19-CV-08966 (PMH)

                        Defendant.
----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

        Plaintiff Kevin R. Walsh ("Plaintiff") commenced this action in the Supreme Court of the State of New York, County of Westchester, on August 16, 2019. (Doc. 1-1). Plaintiff asserts claims against his former employer, Caliber Home Loans, Inc. ("Defendant"), for breach of contract, breach of implied contract, and unjust enrichment. (*Id.* ¶¶ 23–45). On March 31, 2020, Defendant moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 15). On January 13, 2021, the Court denied Defendant's motion on the basis that Defendant had failed to comply with the Court's Local Civil Rules. (*Id.* at 2). Specifically, the Court found that Defendant had improperly attached exhibits to its memorandum of law and not to a supporting affidavit in violation of Local Civil Rule 7.1. (*Id.*).

        Presently pending before the Court is Defendant's motion for reconsideration of the Court's January 13, 2021 Order pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 83(a)(2). (Docs. 24, 25). Plaintiff filed opposition to Defendant's motion on February 8, 2021 (Doc. 26), and Defendant filed a reply brief on February 10, 2021 (Doc. 27).

        For the reasons set forth below, the Court DENIES Defendant's motion.

## STANDARD OF REVIEW

"A motion for reconsideration under Local Rule 6.3 is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be denied when "the movant 'seeks solely to relitigate an issue already decided,'" *id*. (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)), and should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *id*. (quoting *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F.Supp.2d 519, 523 (S.D.N.Y. 2003)). The standard for granting reconsideration is "strict." *DGM Invs.*, 288 F. Supp. 2d at 523 (quoting *Dellefave v. Access Temps., Inc.*, No. 99-CV-6098, 2001 WL 286771 (S.D.N.Y. Mar. 21, 2001)).

Federal Rule of Civil Procedure 83(a)(2) provides that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Rule 83 does not "affect the court's power to enforce local rules that involve more than mere matters of form." Fed. R. Civ. P. 83(a)(2) advisory committee's note to 1995 amendment.

## ANALYSIS

Here, Defendant argues that reconsideration is appropriate because the Court committed clear error. The Court finds that no clear error was committed and that denial of Defendant's motion to dismiss for failure to comply with the Court's Local Civil Rules was appropriate. Local Civil Rule 7.1 is not purely addressed to a matter of form, but rather ensures that the Court can properly consider documents submitted by a party in support of or opposition to a motion.

Even assuming that the Court had considered the exhibits attached improperly to Defendant's memorandum of law and addressed the merits of the arguments presented by Defendant, the Court would have likewise denied Defendant's motion. Based on the factual allegations included within the four corners of the Complaint, the relevant pleading standards, and the competing and/or conflicting documents attached to the memorandum of law as well as the potential ambiguities contained therein, Plaintiff's pleading is sufficient to survive a motion to dismiss. Even a cursory review of the exhibits submitted by Defendant reveals, quite clearly, that Defendant's motion would be denied as the exhibits create more issues than they solve. Certainly, and without more, these exhibits are not dispositive. The result Defendant seeks depends on more than a reading of those documents; and is undoubtedly more appropriately considered, if at all, at the summary judgment stage.

## CONCLUSION

Defendant's motion for reconsideration is DENIED. Defendant is directed to file its answer to Plaintiff's Complaint by March 5, 2021. The Initial Pretrial Conference scheduled for February 24, 2021 is adjourned until March 15, 2021 at 10:30 a.m. At the time of the scheduled conference all parties shall call (888) 398-2342; access code: 3456831.

The Clerk is instructed to terminate Docs. 24 and 28.

Dated: White Plains, New York
      February 18, 2021

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge

4